UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Helomics Corporation**<br>2516 Jane Street<br>Pittsburgh, Pennsylvania 15203,<br><br>Plaintiff,<br><br>v.<br><br>**Sylvia Mathews Burwell**, in her official<br>capacity as the Secretary of the U.S.<br>Department of Health and Human Services<br>200 Independence Avenue, Southwest<br>Washington, District of Columbia 20201,<br><br>and<br><br>**Novitas Solutions, Inc.**<br>2020 Technology Parkway<br>Mechanicsburg, Pennsylvania 17050,<br><br>Defendants. | Case 1:16-cv-00546 |

## COMPLAINT

Helomics Corporation brings this Complaint for a writ of mandamus to require Sylvia

Mathews Burwell, in her official capacity as Secretary of the U.S. Department of Health and

Human Services, and Novitas Solutions, Inc., one of the government's Medicare Administrative

Contractors, to comply with applicable Medicare regulations and guidance.

## INTRODUCTION

1.     The issue in this case is whether a Medicare contractor can decide that Medicare

will no longer cover an important and extremely beneficial test for cancer patients, without

providing a forty-five-day notice-and-comment period as required by law.

2.     Helomics Corporation is a personalized health-care company dedicated to

improving cancer-patient outcomes. Helomics provides a chemoresponse test, known as

ChemoFx, which allows doctors to measure a cancerous tumor's response to numerous chemotherapy agents. The information provided by ChemoFx allows doctors to design the most effective treatment for each cancer patient.

3.      The ChemoFx test shows whether a chemotherapy drug is blocking a cancer-tumor cell's growth or whether the tumor will resist the drug. This is important for several reasons. *First*, by determining the sensitivity of a tumor cell to certain drugs, the test helps doctors identify those drugs most likely to prevent tumor growth. *Second*, by determining the resistance of a tumor cell to certain drugs, the test spares patients months of ineffective treatment—treatment that could result in nausea, vomiting, internal bleeding, impaired kidney function, and the possible inability to tolerate additional rounds of chemotherapy. *Finally*, and most important for Medicare, the test allows the health-care system to choose the best treatment for each patient, thereby avoiding the costs associated with months of ineffective cancer therapy.

4.      Novitas Solutions, Inc., is the Medicare Administrative Contractor for the region where Helomics is located. Medicare contractors like Novitas are required to follow the government's instructions with respect to establishing coverage policies. The government's instructions are contained in the *Medicare Program Integrity Manual*. For more than ten years, Novitas recognized the medical need and effectiveness of ChemoFx and classified it as a covered test under Medicare. During this time, whenever a doctor ordered ChemoFx to help a patient select the appropriate chemotherapy, Medicare paid the bill.

5.      After recognizing ChemoFx's clinical utility for more than ten years, Novitas changed course, announcing that ChemoFx is experimental only and not covered by Medicare. In issuing this new local coverage determination (or "LCD"), however, Novitas did *not* publish the

LCD as a draft for public comment. Without court intervention, this noncoverage LCD goes into effect on April 11, 2016.

6.      The implementation of a new LCD without public comment is unauthorized, invalid, and ultra vires. Novitas did not follow the process expressly required by the Centers for Medicare and Medicaid Services (a division of HHS) for development of LCDs. *Manual* § 13.7.2 (Apr. 9, 2004).[*] The Secretary must direct Novitas to comply with the government's instruction and publish new LCDs with the legally required public notice-and-comment period.

## PARTIES

7.      Helomics Corporation is a corporation whose principal place of business is in Pittsburgh, Pennsylvania. Helomics is the sole provider of ChemoFx.

8.      Sylvia Mathews Burwell, sued only in her official capacity, is the Secretary of the U.S. Department of Health and Human Services, which has administrative responsibility for Medicare. Congress has required her to provide for the efficient administration of the Medicare program.

9.      Novitas Solutions, Inc., is a corporation with its principal place of business located in Mechanicsburg, Pennsylvania. Novitas's jurisdiction as a Medicare contractor encompasses, among other locations, Pennsylvania, New Jersey, Delaware, and the District of Columbia. Novitas processes Medicare claims within its jurisdiction and develops LCDs for adjudication of such claims.

## JURISDICTION AND VENUE

10.     This Court has original subject-matter jurisdiction to issue a writ of mandamus. 28 U.S.C. § 1361 (2012).

---

[*] CMS publishes the *Manual* at https://www.cms.gov/regulations-and-guidance/guidance/manuals/internet-only-manuals-ioms-items/cms019033.html.

11.     This Court is a proper venue because Novitas resides (i.e., it is subject to personal jurisdiction) here. 28 U.S.C. § 1391(b)(1), (e)(1) (2012).

## FACTS

### I.     Medicare-Coverage-Determination Process Overview.

#### A.     Local Coverage Determinations by Medicare Contractors.

12.     To administer Medicare, CMS contracts with private health-care insurers, such as Novitas, to operate the Medicare program on behalf of the government. CMS assigns contractors one or more geographic jurisdictions in which they process Medicare claims for beneficiaries. Medicare contractors are the primary operational contacts between the Medicare program and enrolled health-care providers.

13.     CMS can issue national coverage decisions (or "NCDs"), providing that certain items and services are covered by Medicare. But in the absence of an NCD, Medicare contractors may pay for certain items and services in two ways: by issuing a local coverage determination or by deciding that payment for the item or service is reasonable and necessary.

14.     In certain cases, Medicare contractors may also adopt an LCD to indicate that an item or service should *not* get Medicare coverage. *Manual* § 13.4 (Sept. 14, 2015).

15.     But, in all instances, the government guides the activities of the Medicare contractors through the *Manual*. Medicare contractors must follow the procedures set forth in the *Manual* whenever they adopt an LCD.

16.     Under the *Manual*, contractors must provide a notice-and-comment period for all new LCDs, any revised LCDs that restrict existing LCDs, and any revised LCDs that make a substantive change to an existing LCD. *Manual* § 13.7.2.

17.     The *Manual* requires Medicare contractors to provide at least forty-five days for comment on the draft LCD. During this time, the contractors must solicit and respond to

comments from the medical community. *Manual* § 13.7.4 (Apr. 9, 2004). The contractors must

consider all comments and incorporate appropriate ones into the final LCD. *Id.*  Indeed, the

*Manual* even mandates that contractors hold open meetings for the purpose of discussing the

draft LCD. *Manual* § 13.7.4.1(D) (Jan. 15, 2013). And it requires contractors to "remain

sensitive to organizations or groups which may have an interest in an issue (e.g., laboratories

. . . ) and invite them to participate in meetings at which a related LCD is to be specifically

discussed." *Id*.

18.     After the comment period closes and the Medicare contractor revises the LCD,

the contractor can issue the LCD, but must provide an additional forty-five days before the LCD

becomes effective. *Manual* § 13.7.4.

19.     Thus, the issuance of any new or revised LCDs requires *two* periods of at least

forty-five days: a forty-five-day *notice-and-comment* period; and an additional forty-five-day

*notice* period after the issuance of the final LCD before it goes into effect.

**B.      Retirement of an LCD.**

20.     When a party challenges an LCD, a Medicare contractor can retire the LCD being

challenged any time before the date the administrative-law judge issues a decision regarding the

LCD. 42 C.F.R. § 426.420(a) (2015); *Manual* § 13.13.9(A) (Apr. 9, 2004).

21.     When a contractor retires an LCD that is under review, however, Medicare

regulations and guidance deem the LCD invalid and unreasonable. 42 C.F.R. § 426.420(a);

*Manual* § 13.13.9(A).

22.     In those circumstances, the Medicare contractor "may no longer use the LCD in

the adjudication of claims on a prospective basis." Medicare Program: Review of National

Coverage Determinations and Local Coverage Determinations, 68 Fed. Reg. 63,692, 63,709

(Nov. 7, 2003) (explaining new rules codified at 42 C.F.R. § 426.420).

23.     A contractor cannot reinstate an LCD that was found unreasonable unless it provides a different basis or additional evidence than what was evaluated by the ALJ. *Manual* § 13.13.15 (Apr. 9, 2004). As the government explained when it promulgated the relevant regulation, if a contractor wants to issue a new LCD on the same subject as an LCD that it previously retired, "the change [is] adopted after an opportunity for public comment." Review of NCDs and LCDs, 68 Fed. Reg. at 63,698.

## II.    Novitas Did Not Follow the Procedures Set Forth in the *Manual*.

### A.     Novitas's First Attempt To Issue a Noncoverage LCD for ChemoFx.

24.     Novitas published an LCD of noncoverage for ChemoFx on November 5, 2015, with an effective date of December 30, 2015. Novitas had earlier published the LCD for notice and comment, in compliance with the *Manual*.

25.     On December 17, 2015, Helomics sued Novitas to challenge this noncoverage LCD. *See* Complaint at 1–16, *Helomics Corp. v. Novitas Solutions, Inc.*, Case 2:15-cv-01667-CB (W.D. Pa. Dec. 17, 2015), ECF No. 1. In its Complaint, Helomics alleged that Novitas violated due process when the contractor refused to cover ChemoFx after it had covered the test for over a decade.

26.     On December 31, 2015, while the case was under review in the district court, Novitas retired the LCD.

27.     Novitas's retirement of the LCD while it was being challenged in federal court means that the LCD is invalid and unreasonable. 42 C.F.R. § 426.420(a); *Manual* § 13.13.9.

28.     Before issuing a new LCD on the same subject, the *Manual* requires Novitas to provide an opportunity for public comment.

29.     On February 1, 2016, the court dismissed Helomics's suit without reaching the merits, ruling that Helomics failed to exhaust its administrative remedies before challenging the LCD issued on November 5, 2015.

**B.     Novitas's Currently Issued Noncoverage LCD.**

30.     On February 25, 2016, Novitas posted the same LCD that it retired on December 31, 2015. After a forty-five-day notice period, that LCD will take effect on April 11, 2016.

31.     Although Novitas retired the former LCD, it did not publish the new LCD for notice and comment before releasing it as a final LCD.

32.     Novitas's failure to provide time for public comment deprives Medicare beneficiaries, the medical community, and Helomics the opportunity to present the kind of evidence on which Novitas must rely in developing LCDs. Further, stakeholders have additional information (i.e., information not presented in comments on the retired LCD) that they could have presented if Novitas published the LCD in February 2016 for notice and comment.

**COUNT**
**WRIT OF MANDAMUS**
**(28 U.S.C. § 1361 (2012))**

33.     Helomics repeats and restates the allegations set forth in paragraphs 12 through 32 as though fully set forth here.

34.     The Secretary has authority to enter contracts with Medicare contractors to perform duties related to the administration of the Medicare program. *See* Social Security Act § 1874A(a)(1), 42 U.S.C. § 1395kk-1(a)(1) (2012).

35.     The Secretary has a nondiscretionary duty to ensure the integrity of the Medicare program and that her contractors comply with all obligations owed under their contracts. *See id.* § 1847A(b)(2), 42 U.S.C. § 1395kk-1(b)(2).

36.     The Secretary has failed to exercise her nondiscretionary oversight obligations by permitting Novitas to proceed with an unlawful, ultra vires LCD that did not comply with the required procedure.

37.     The Secretary's failure to exercise her nondiscretionary oversight obligations authorizes this Court to issue a writ of mandamus requiring her to exercise them by directing Novitas to comply with the notice-and-comment procedure for LCDs and to provide time for public comment before issuing a noncoverage LCD for ChemoFx.

## PRAYER FOR RELIEF

38.     WHEREFORE, Helomics Corporation respectfully requests that the Court:

a.     Enter judgment in its favor and against Sylvia Mathews Burwell, in her official capacity as Secretary of the U.S. Department of Health and Human Services, and Novitas Solutions, Inc.;

b.     Declare that, as to Novitas and the ChemoFx noncoverage LCD, the Secretary has failed to exercise her mandatory oversight duties to ensure Novitas's compliance with applicable regulations and guidance.

c.     Issue a writ of mandamus to the Secretary and Novitas requiring them to issue a noncoverage LCD for ChemoFx only after following the procedures in the *Medicare Program Integrity Manual*, i.e., a minimum of forty-five days for public comment and a post-comment period of at least forty-five days before the LCD goes into effect.

d.     Grant Helomics such other relief as the Court deems just and proper.

Dated: March 22, 2016                    Respectfully submitted,

                                          /s/ Joshua David Rogaczewski
                                          Paul M. Thompson (D.C. Bar. No. 973977)
                                          (pthompson@mwe.com)
                                          Joshua David Rogaczewski
                                          (D.C. Bar No. 490468)
                                          (jrogaczewski@mwe.com)
                                          McDermott Will & Emery LLP
                                          The McDermott Building
                                          500 North Capitol Street, Northwest
                                          Washington, District of Columbia 20001
                                          202.756.8000
                                          202.756.8087 fax

                                          *Counsel to Helomics Corporation*